**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ERIC WESLEY MASON,<br><br>Defendant - Appellant. | No. 10-50070<br><br>D.C. No. 3:09-cr-02793-JLS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted February 15, 2011[**]
Pasadena, California

Before: RYMER and BYBEE, Circuit Judges, and QUIST, Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. ¶. 34(a)(2).

[***] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for Western Michigan, Grand Rapids, sitting by designation.

Defendant Eric Mason appeals from an order of the district court denying his motion to suppress evidence obtained in the course of a Border Patrol stop along Interstate 8. Mason argues that at his suppression hearing, the district court improperly considered the testimony of Agent Herbert Rosette concerning the frequency of alien smuggling along Interstate 8.

We have previously held that police officers may consider the frequency of a road's use as an alien smuggling route in determining whether reasonable suspicion exists to justify a traffic stop. *United States v. Palos-Marquez*, 591 F.3d 1272, 1277 (9th Cir. 2010) ("[T]he notoriety of a road as an alien smuggling route has long been held by numerous courts, including the Supreme Court, as a relevant factor supporting reasonable suspicion." (citing *United States v. Brignoni-Ponce*, 422 U.S. 873, 884–85)). However, the frequent use of a road by alien smugglers is not, on its own, sufficient to support a reasonable suspicion. *United States v. Manzo-Jurado*, 457 F.3d 928, 936 (9th Cir. 2006) ("[A] location or route frequented by illegal immigrants, but also by many legal residents, is not significantly probative to an assessment of reasonable suspicion.").

Here, the district court concluded that Agent Rosette's stop was justified by at least eight facts: (1) a truck driver's gesture directing Agent Rosette's attention to Mason's vehicle, (2) the fact that the car "was a junker," (3) Agent Rosette's

2

observation that the vehicle was riding low, (4) Mason's failure to turn off his right turn signal, (5) Mason's nervous demeanor after noticing Agent Rosette, (6) the car's expired registration, (7) Agent Rosette's observation of two heads popping up from the back seat of the car, and (8) Interstate 8's popularity as an alien smuggling venue.

We agree with the district court's conclusion that, considering the totality of these circumstances, Agent Rosette's actions were supported by a reasonable suspicion that Mason was engaged in criminal activity. *See Palos-Marquez*, 591 F.3d at 1274–75.

AFFIRMED.